UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
**Julian Barnes aka Titus Lee Barnes,**
Plaintiff,
v.
**YouTube LLC, et al.,**
Defendants.
Case No. **5:25-cv-05901-VKD**

**NON-PARTY MOTION TO QUASH SUBPOENA DIRECTED TO GOOGLE LLC**
(Fed. R. Civ. P. 26(c), 45(d))
**[PRO SE]**

**INTRODUCTION**
This is a non-party motion to quash a subpoena directed to Google LLC that seeks identifying and account-level information associated with a Google account, for the purpose of unmasking an anonymous online speaker identified only as "John Doe / d/b/a Evil Streets TV."
Plaintiff has not obtained a judicial determination of infringement, has not made the prima facie evidentiary showing required to overcome First Amendment protections, and is currently seeking retroactive relief to cure his failure to timely comply with court-imposed procedures governing proposed subpoenas. Regardless of the outcome of those requests, the subpoena directed to Google is improper, overbroad, and premature.
Because the subpoena impermissibly targets anonymous speech, seeks irrelevant information from a non-party, and is not narrowly tailored to any adjudicated claim, it must be quashed.

**FACTUAL AND PROCEDURAL BACKGROUND**
Plaintiff, proceeding pro se, alleges copyright infringement relating to online audiovisual works discussing historical, non-fictional events involving public figures. Plaintiff has named YouTube LLC and a "John Doe" defendant but has not identified or served any individual defendant.
The docket reflects that Plaintiff failed to timely submit a proposed subpoena in connection with his request to identify an alleged infringer and is now seeking relief from that failure. In the meantime, a subpoena has been directed to Google LLC seeking broad "information related to" a Google account that is not named as a defendant in this action.
Google LLC provided notice of the subpoena pursuant to Federal Rule of Civil Procedure 45. No court order currently authorizes the disclosure of identifying information associated with any anonymous speaker.
Additionally, the record reflects that the YouTube channel that is the subject of Plaintiff's allegations has already been removed by YouTube.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 45(d)(3), a court must quash or modify a subpoena that seeks irrelevant information, imposes an undue burden, or requires disclosure of protected material. Rule 26 limits discovery to matters that are relevant and proportional to the needs of the case.

When a subpoena seeks to unmask an anonymous online speaker, courts within the Ninth Circuit apply heightened scrutiny. At a minimum, the requesting party must make a prima facie evidentiary showing of actionable infringement and demonstrate that the balance of equities favors disclosure over the speaker's First Amendment interest in anonymity.

**ARGUMENT**

**I. THE SUBPOENA IS PREMATURE AND SEEKS TO UNMASK AN ANONYMOUS SPEAKER WITHOUT A PRIMA FACIE SHOWING**

Plaintiff has not obtained a court ruling establishing infringement and has not made the threshold prima facie showing required to justify disclosure of identifying information. The applicability of fair use has not been adjudicated, and Plaintiff's current filings seek to cure procedural defects rather than supply evidentiary proof.

Absent a prima facie showing of infringement and an express court authorization, compelled disclosure of identifying information violates well-established First Amendment protections for anonymous speech.

**II. THE SUBPOENA IS OVERBROAD AND NOT NARROWLY TAILORED**

The subpoena seeks undefined "information related to" a Google account, without limitation as to specific content, dates, or acts of alleged infringement. Such breadth is improper under Rule 45, particularly where the subpoena's sole apparent purpose is to identify an anonymous speaker rather than to obtain evidence relevant to an adjudicated claim.

**III. THE INFORMATION SOUGHT IS IRRELEVANT AND DISPROPORTIONATE**

The Google account at issue is not named as a defendant, and Plaintiff has not demonstrated that the requested information would advance any claim that has been permitted to proceed. Discovery aimed solely at identifying a potential defendant—before satisfying the standards governing unmasking—is disproportionate and imposes an undue burden on a non-party.

**IV. ANY ASSERTED NEED FOR DISCLOSURE IS FURTHER UNDERCUT BY MOOTNESS**

The allegedly infringing channel and content have already been removed by YouTube. Where the service provider has taken down the material, compelled disclosure of an anonymous user's identity provides minimal benefit while imposing substantial burdens on privacy and speech. In these circumstances, the

subpoena is unnecessary and unjustified.

**V. DISCLOSURE WOULD CHILL CONSTITUTIONALLY PROTECTED SPEECH**
The content at issue concerns matters of public interest. Premature disclosure of identifying information risks chilling lawful commentary and facilitating harassment or retaliation, contrary to First Amendment principles. Courts are obligated to prevent such outcomes absent a clear and sufficient showing by the requesting party.

**CONCLUSION**
For the foregoing reasons, the Court should quash the subpoena directed to Google LLC in its entirety and grant such other and further relief as the Court deems just and proper, including maintaining the anonymity of the affected non-party pending any proper and lawful showing by Plaintiff.

**Respectfully submitted,**

**John Doe/DBA Evil Streets TV**
Pro Se
Dated: January 7, 2026