Julian Barnes Aka

Titus Lee Barnes

1700 McHenry Ave. 65B #114

Modesto, Ca. 95350

(209)501-3462

Barnestlee@gmail.com

      In Pro Se

U N I T E D   S T A T E S   D I S T R I C T   C O U R T

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Julian Barnes Aka | Case No.: 5:25-cv-09501-VKD |
| Titus Lee Barnes | **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS MOTION TO COMPEL** |
|     Plaintiff, | |
| v. | **Pursuant to Federal Rule of Civil Procedure (FCRP) 37** |
| YouTube LLC., et al. | |
|     Defendant | |

  Plaintiff, submits this memorandum of law in support of their motion to compel to Identify the Infringer in the foregoing action:

### B. PROCEDURAL HISTORY

  On July 15, 2025, Plaintiff filed a verified complaint for Copyright Infringement under 17 U.S.C. § 501 against Defendant's YouTube and John Doe D/b/a Evil Streets TV. DKT NO.7.

  On July 15, 2025 the same day Plaintiff filed his complaint, Plaintiff filed a request asking the Court to issue a subpoena pursuant to the Digital Millenium Copyright Act ("DMCA"), 17 U.S.C. § 512(h)(1), addressed to YouTube seeking the "identity of the official account holder and/or operator (and any other pertinent info) of Evil Streets TV (channel). DKT. NO. 3. The court denied the request without prejudice

because plaintiff failed to include a proposed subpoena in the initial packet which did not satisfy the statutory requirements of § 512(h)(1). DKT. NO.11.

On November 7, 2025, Plaintiff filed a "Motion for subpoena to identify infringer," with proposed subpoena attached. DKT. NO.15. The Court again denied Plaintiffs request "Without prejudice" because proposed subpoena was not in proper form for issuance and directed Plaintiff to re-file amended proposed subpoena. DKT. NO. 16.

On December 9, 2025, Plaintiff filed a amended proposed subpoena, seeking the "[i]dentity of [i]nfringer: John Doe D/b/a Evil Streets TV" DKT. NO. 25. The same day, the Court directed the Clerk of the Court to "expeditiously issue and sign the proposed subpoena and return it to the requester for delivery to the service provider," pursuant to 17 U.S.C. § 512(h)(4). DKT. NO. 26.

On January 8,2026, a defendant in this action whose identity is unknown, moved to quash Plaintiff Julian Barnes subpoena issued to Defendant YouTube, LLC., seeking information identifying Doe. DKT. NO. 29.

On [date] Mr. Barnes opposed motion to quash In Pro Se. DKT. NO. 32.

On February 13, 2026, having considered the motion, opposition, the record before the court, and the applicable law, and for the reasons explained (see Document 46), United States Magistrate Judge Virginia K. DeMarchi denied Doe's motion to quash on behalf of the Court it was so ordered. DKT. NO. 46.

### C. REASONABLE CAUSE

### I. LEGAL STANDARD FOR DISCOVERY

There is reasonable cause that plaintiff is going to succeed on the merits of this case. According to the legal standard as stated by the Honorable Judge Virginia K. DeMarchi:

> [The DMCA permits copyright holders the right to subpoena service providers like YouTube, for information identifying an alleged infringer. *See* 17 U.S.C. § 512(h). Upon receipt of the issued subpoena, the service provider must "expeditiously disclose" the required information to the copyright owner "notwithstanding any other provision of law." 17 U.S.C. § 512(h)(5). The DMCA specifies that "the procedure for issuance and delivery of the subpoena, and the remedies for noncompliance with the subpoena, shall be governed with the greatest extent practicable by those provisions of the rules of Federal Civil Procedure governing the issuance, service, and enforcement of the subpoena duces tecum." 17 U.S.C. § 512(h)(6). As many courts have recognized, this provision incorporates Rule 45 of the Federal Rules of Civil Procedure. *See e.g. Cognosphere Pte. Ltd. V. X Corp.*, No. 23-mc-80294-PHK, 2024 WL 4227594, at*2 (N.D. Cal. Sept.18, 2024); *In Re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868, 877 (N.D. Cal. 2022); *Signature Mgmt. Team, LLC., v Automatic, Inc.*, 941 F. Supp. 2d 1145, 1153 (N.D. Cal. 2013).]

This directly relates to the law of the case in Julian Barnes v. YouTube, LLC., motion to identify infringer. DKTs.NO. 25., and 26., and order denying Doe's motion to quash subpoena. Re. DKT. NO.29. Doe's identity is essential in relation to the furtherance of Plaintiff's complaint and cannot be obtained elsewhere or otherwise.

## II. THE RESPONSES ARE DEFECIENT AND INADEQUATE

I am the moving party in this action and made substantial efforts to meet-and-confer with Defendant. Specifically, attorney(s) of record Benjamin Margo and Ada Wang of Wilson Sonsini Rosatti and Goodrich. On each of these documented occasions I was not granted my constitutional right in accordance with Eighth Amendment of the United States Constitution as well as the DMCA law 17 U.S.C. § 512(h), nor the United States District Court, Northern District of California's order to deny Doe's motion to quash subpoena. The Defendant in this matter nor the Attorney's of record still have not provided me with the Identity of John Doe D/b/a Evil Streets TV as required by the Digital Millenium Copyright Act. *See* 17 U.S.C. 512(h). *See Klipsch Group Inc. v. ePro E-Commerce Ltd.* (2d. Cir. 2018), *Sonnini v. Univ. of Kansas Hosp. Auth.* (D. Kan. 2004)221F.R.D. 661, *Deyo v. Kilbourne* (1978) 84 Cal. App. 3d. 771.

## III. GOOD FAITH MEET AND CONFER EFFORTS WERE MADE

As detailed in the accompanying declaration, good faith meet-and-confer efforts were made by Julian Barnes with attorney(s) of record to seek the identity of the infringer.

## IV. SANCTIONS SHOULD BE IMPOSED

Since the responding party continuously misuses the discovery process of the United States District Court of the Northern District of California sanctions should be imposed. It is evident that their refusal to comply with the legal standard of law by providing plaintiff, with John Doe's D/b/a Evil Streets TV's identity is an intentional delay of the court process on their behalf.

## D. CONCLUSION

WHEREFORE, plaintiff requests that upon consideration of this motion and the supporting memorandum of law, this court order defendants, their successors, agents, employees, and all persons acting in concert with them to provide plaintiff with the identity of  John Doe D/b/a Evil Streets TV in

thirty days, accompanied by any and/or all other pertinent information required by law under 17 U.S.C. § 512(h)(1), in accordance with the subpoena to Identify a Infringer in this action.

**I SWEAR UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND ACCURATE ACCORDING TO MY KNOWLEDGE.**

SIGNED:                                        DATED: February 23, 2026