Julian Barnes Aka

Titus Lee Barnes

1700 McHenry Ave. 65B #114

Modesto, Ca. 95350

(209)501-3462

    In Pro Se

U N I T E D   S T A T E S   D I S T R I C T   C O U R T

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Julian Barnes Aka<br>Titus Lee Barnes<br>    Plaintiff,<br>v.<br>YouTube, LLC., et al.<br>    Defendant | Case No.: 5:25-cv-05901-VKD<br><br>**DECLARATION**<br><br>**CODE OF CIVIL PROCEDURE § 2016.040** |

Pursuant to Code of Civil Procedure § 2016.040., I, Julian Barnes am the Plaintiff in this action, therefore, I have personal knowledge in the facts stated herein.

**Meet-And-Confer Declaration**

1. On December 9, 2025, Plaintiff filed a amended proposed subpoena, seeking the "[i]dentity of [i]nfringer: John Doe D/b/a Evil Streets TV" DKT. NO. 25. The same day, the Court directed the Clerk of the Court to "expeditiously issue and sign the proposed subpoena and return it to the requester for delivery to the service provider," pursuant to 17 U.S.C. § 512(h)(4). DKT. NO. 26.

2. On January 15, 2026, Plaintiff participated in a Microsoft Teams video conference with attorney of record, for YouTube, LLC. Specifically, Ada Wang for the purpose of locating John Doe D/b/a Evil Streets TV's identifying information in the counternotification emails exchanged between YouTube,

1. LLC., and Plaintiffs fiance', which proved to be unfruitful since no information was obtained at that time.

3. On January 8, 2026, a defendant in this action whose identity is unknown, moved to quash Plaintiff Julian Barnes subpoena issued to Defendant YouTube, LLC., seeking information identifying Doe. DKT. NO. 29.

4. On January 27, 2026, Plaintiff emailed a notice-of-motion letter to Benjamin D. Margo notifying him of his intent to file a Motion to Compel.

5. On January 28, 2026, attorney of record, specifically, Benjamin D. Margo emailed plaintiff stating the following:
Mr. Barnes,

[I'll give you a call today.

YouTube reserves its rights, but two thoughts quickly.  First, if the motion to quash is granted, you wouldn't be able to succeed on a motion to compel.  Second, would you provide the Court with a declaration under 17 USC s 512(h)(2)(C), stating under penalty of perjury that the identity of the alleged infringer will only be used for the purpose of protecting your copyright rights and not for harassment or anything else?  Thanks.
Best regards,
Ben

e, there's no need for a motion to compel at this point, because there's still a pending motion to quash the subpoena]

5. On January 28, 2026, in Re: Benjamin D. Margo's email, plaintiff concurred and agreed to wait for the outcome of the Non-Party Motion to Quash before filing his Motion to Compel.

6. On [date] a defendant in this action whose identity is unknown, moved to quash Plaintiff Julian Barnes subpoena issued to Defendant YouTube, LLC., seeking information identifying Doe. DKT. NO. 29.

7. On [date] Mr. Barnes opposed motion to quash In Pro Se. DKT. NO. 32.

8. On February 13, 2026, having considered the motion, opposition, the record before the court, and the applicable law, and for the reasons explained (see Document 46), United States Magistrate Judge Virginia K. DeMarchi denied Doe's motion to quash on behalf of the Court it was so ordered. DKT. NO. 46.

9. On January 14, 2025, attorney of record, specifically Benjamin D. Margo emailed plaintiff requesting a formal declaration under 17 U.S.C. § 512(h)(2)(C), stating under penalty of perjury that the identity

of the alleged infringer will only be used for the purpose of protecting your copyright rights and not for harassment or anything else.

10. On January 15, 2026, plaintiff attempted to contact Benjamin D. Margo via telephone and was unsuccessful. After which time he reached out to alternate attorney of record, specifically, Ada Wang via telephone and explained to her that a formal declaration under 17 U.S.C. § 512(h)(2)(C), was already entered on the record during the filing with the court clerk of the Subpoena to Identify Infringer. *See* Dkt. No. 25. Miss Wang checked the record and notified plaintiff that said declaration was "not acceptable" because the word "Only" was not included in the language of the declaration.

11. I, Julian Barnes, plaintiff in this matter have made several attempts to amicably receive my due process in this matter by meeting and conferring with YouTube's Attorney's of record, specifically, Benjamin D. Margo and Ada Wang. The failure to comply and deficient responses from YouTube and the Attorneys of Records have been unproductive. Despite plaintiff's efforts the discovery remains outstanding.

- Identity of John Doe D/b/a Evil Streets TV
- Any and/or all pertinent information in relation to John Doe D/b/a Evil Streets TV.

12. I have made a good faith effort to resolve these issues informally but have been unable to do so.

**I SWEAR UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND ACCURATE ACCORDING TO MY KNOWLEDGE.**

SIGNED: *[signature]*

DATED: February 23, 2026

5:25-cv-05901-VKD