**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**
**JULIAN BARNES aka TITUS LEE BARNES,**
Plaintiff,
v.
**JASMINE SANCHEZ, ANGELO SANCHEZ, and YOUTUBE, LLC,**
Defendants.
Case No.: 5:25-cv-05901-VKD

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**
Before: Hon. Virginia K. DeMarchi, United States Magistrate Judge
Hearing: To Be Determined or submitted on the papers pursuant to Civil L.R. 7-1(b)

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**
PLEASE TAKE NOTICE that Defendants Angelo Sanchez and Jasmine Sanchez hereby move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing Plaintiff's First Amended Complaint ("FAC") for failure to state a claim upon which relief can be granted.
This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, and such other matters as the Court may properly consider.

**Dated: May 5, 2026**
/s/ Angelo Sanchez
Angelo Sanchez
3728 Saint Charles Way
Orange Park, FL 32065
evilstreetsmedia@gmail.com
Defendant, Pro Se
/s/ Jasmine Sanchez
Jasmine Sanchez
3728 Saint Charles Way
Orange Park, FL 32065
ghettoscolars@gmail.com
Defendant, Pro Se

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**I. INTRODUCTION**
Defendants Angelo Sanchez and Jasmine Sanchez move to dismiss Plaintiff's First

Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). For purposes of this motion only, Defendants assume the factual allegations of the FAC to be true. Even accepting those allegations as true, the FAC fails as a matter of law for multiple independent reasons.

First, the FAC does not allege copying of any protected expression. Plaintiff alleges only that Defendants created videos about the same historical public figures discussed in his book. Copyright protection does not extend to facts, historical events, or the lives of real people. 17 U.S.C. § 102(b); *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 347 (1991).

Second, the FAC fails to state any claim against Defendant Jasmine Sanchez. The FAC merely labels her an "operator/account holder" but alleges no volitional conduct, no knowledge of infringing activity, no supervisory control, and no financial benefit received.

Third, the FAC violates Federal Rule of Civil Procedure 8(a) and the pleading standards of *Twombly* and *Iqbal* by containing multiple "(FILL IN)" placeholders and by failing to identify any specific protected expression allegedly copied.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Threadbare recitals of elements supported by conclusory statements do not suffice. The Court need not accept as true legal conclusions or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## III. ARGUMENT

### A. The FAC Fails to Allege Copying of Protected Expression

To state a copyright claim, Plaintiff must allege ownership and copying of original protected expression. *Feist*, 499 U.S. at 361. The FAC does not do so.

**1. Only Historical Overlap Is Alleged**

The FAC alleges only that Defendants created videos about the same individuals discussed in Plaintiff's book. It does not identify any sentence, passage, or expression copied from the book. It alleges no verbatim or near-verbatim use of Plaintiff's text.

Facts and historical narratives are not protected. 17 U.S.C. § 102(b). Plaintiff cannot monopolize real-world stories.

**2. No Substantial Similarity Under the Extrinsic Test**

The Ninth Circuit requires comparison of specific expressive elements. *Funky Films, Inc. v. Time Warner Entm't Co.*, 462 F.3d 1072, 1077 (9th Cir. 2006). The FAC identifies none—no shared wording, structure, or sequencing.

**3. Different Mediums**

Plaintiff's book and Defendants' videos are fundamentally different expressive mediums. Mere subject overlap does not establish infringement. *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1175 (9th Cir. 2003).

## B. The FAC Fails to State Any Claim Against Jasmine Sanchez

The FAC alleges only nominal association with an account.

- **No direct infringement:** no volitional conduct (*Perfect 10 v. Giganews*)
- **No contributory infringement:** no knowledge or contribution (*Grokster*)
- **No vicarious infringement:** no control or financial benefit (*Fonovisa*)

Because Plaintiff already amended once, dismissal with prejudice is appropriate.

## C. The FAC Violates Rule 8

### 1. Placeholder Allegations

Multiple "(FILL IN)" allegations render the complaint deficient and fail to provide fair notice.

### 2. No Identified Protected Expression

The FAC does not identify what was copied. That alone is fatal.

### 3. DMCA Good-Faith Conduct

Defendants' use of YouTube's statutory counter-notification process demonstrates a good-faith belief that the content was lawful. This undermines any plausible allegation of willful infringement and limits potential statutory damages under 17 U.S.C. § 504(c)(2).

## D. Charles Cosby Claims Fail

The FAC alleges only subject overlap regarding Charles Cosby. No protected expression is identified. These claims fail for the same reasons.

## IV. CONCLUSION

Defendants respectfully request that the Court:

- Dismiss all claims against Jasmine Sanchez with prejudice;
- Dismiss the FAC for failure to state a claim; or
- In the alternative, grant leave to amend within a time set by the Court.

**Dated:  May 5, 2026**
/s/ Angelo Sanchez
Angelo Sanchez
/s/ Jasmine Sanchez
Jasmine Sanchez

## [PROPOSED] ORDER

The Court, having considered Defendants' Motion to Dismiss, hereby ORDERS:

1. The Motion is GRANTED.
2. All claims against Defendant Jasmine Sanchez are dismissed with prejudice.
3. The First Amended Complaint is dismissed consistent with the Court's ruling.

4. Plaintiff may file a Second Amended Complaint within 21 days of this Order.

IT IS SO ORDERED.

Dated: _____

Hon. Virginia K. DeMarchi

United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on the date of filing, a true and correct copy of the foregoing Motion to Dismiss will be served as follows:

Julian Barnes aka Titus Lee Barnes (pro se plaintiff) – via first-class mail, postage prepaid, to:

1700 McHenry Ave. Ste 65B #114

Modesto, CA 95350

Benjamin D. Margo (counsel for YouTube, LLC) – via the Court's CM/ECF system.

No service on Jasmine Sanchez or Angelo Sanchez is required as they are the filing parties.

/s/ Angelo Sanchez

Angelo Sanchez