Angelo Sanchez
3728 Saint Charles Way
Orange Park, FL 32065
Email: evilstreetsmedia@gmail.com
Defendant, Pro Se

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

JULIAN BARNES aka TITUS LEE BARNES,
　　*Plaintiff,*
v.
JASMINE SANCHEZ, ANGELO SANCHEZ, and
YOUTUBE, LLC,
　　*Defendants.*

Case No.: 5:25-cv-05901-VKD

### DEFENDANTS ANGELO SANCHEZ AND JASMINE SANCHEZ'S
### REPLY IN SUPPORT OF MOTION TO DISMISS
### PLAINTIFF'S FIRST AMENDED COMPLAINT

Before: Hon. Virginia K. DeMarchi, United States Magistrate Judge
Hearing Date: June 30, 2026

## I. INTRODUCTION

Plaintiff's Opposition (ECF No. 68) confirms rather than cures the deficiencies identified in Defendants' Motion to Dismiss (ECF No. 61). Of the nine pages in Plaintiff's Opposition, fewer than one page addresses the arguments raised against Defendants Angelo Sanchez and Jasmine Sanchez. The remainder is devoted almost entirely to Plaintiff's opposition to a separate motion filed by Defendant YouTube, LLC (ECF No. 62), addressing the DMCA safe harbor framework under 17 U.S.C. § 512(c), an affirmative defense that Defendants Angelo Sanchez and Jasmine Sanchez have not raised and that has no bearing on this motion.

As to the arguments Defendants actually raised, Plaintiff's Opposition: (1) fails to respond at all to Defendants' argument that the First Amended Complaint ("FAC") states no claim against Defendant Jasmine Sanchez under any theory of copyright liability; (2) fails to respond to Defendants' argument that the FAC fails the Ninth Circuit's extrinsic test for substantial similarity; (3) fails to respond to Defendants' argument that a nonfiction book and an audiovisual

documentary are different expressive media; (4) fails to respond to Defendants' Rule 8(a) and Twombly/Iqbal placeholder argument; (5) fails to respond to Defendants' argument regarding the Charles Cosby videos; and (6) fails to respond to Defendants' argument regarding good-faith reliance on the DMCA counter-notification process. Each of these arguments should be treated as conceded.

In place of a response, Plaintiff attempts to introduce new factual characterizations not found in the FAC, and conflates the standard governing his earlier motion to compel disclosure of Defendants' identities with the Iqbal/Twombly plausibility standard governing this motion. Neither maneuver cures the FAC's defects. The Motion should be granted.

## II. PLAINTIFF'S FAILURE TO ADDRESS DEFENDANTS' ARGUMENTS CONSTITUTES A CONCESSION.

A party's failure to respond to an argument raised in a motion to dismiss may be treated as a concession that the argument has merit. See Ramirez v. Ghilotti Bros. Inc., 941 F. Supp. 2d 1197, 1210-11 (N.D. Cal. 2013) (treating an argument as conceded where the opposing party failed to respond to it).

Plaintiff's Opposition contains a single substantive section addressing the Sanchez Defendants, captioned "Plaintiff Has Sufficiently Pled a Prima Facie Case of Direct Copyright Infringement by the Sanchez Defendants." Opp. at 8. That section does not mention Defendant Jasmine Sanchez by name, does not address any of the three theories of copyright liability — direct, contributory, or vicarious — as applied to her, and does not respond to Defendants' argument that the FAC's bare label of her as an "operator/account holder" is insufficient under Perfect 10, Inc. v. Giganews, Inc., 847 F.3d 657 (9th Cir. 2017), Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913 (2005), and Fonovisa, Inc. v. Cherry Auction, Inc., 76 F.3d 259 (9th Cir. 1996). Notably, even Defendant YouTube's own motion — filed the same day as Defendants' Motion — relies on the same Ninth Circuit framework for volitional conduct and vicarious liability. See VHT, Inc. v. Zillow Grp., Inc., 918 F.3d 723, 732, 746 (9th Cir. 2019). Plaintiff's failure to grapple with this controlling authority, as applied to either Defendant, is fatal to his Opposition.

Likewise, Plaintiff does not respond to Defendants' argument that the FAC fails the Ninth Circuit's extrinsic test, see Funky Films, Inc. v. Time Warner Entm't Co., 462 F.3d 1072, 1077 (9th Cir. 2006); Cavalier v. Random House, Inc., 297 F.3d 815, 822 (9th Cir. 2002); does not respond to Defendants' argument that a book and an audiovisual work are different media, see Rice v. Fox Broad. Co., 330 F.3d 1170, 1175 (9th Cir. 2003); does not respond to Defendants' Rule 8(a) placeholder argument; does not respond to Defendants' argument regarding the Charles Cosby videos; and does not respond to Defendants' good-faith DMCA argument under 17 U.S.C. §§ 512(g) and 504(c)(2). Each of these arguments stands unrebutted and should be granted.

## III. PLAINTIFF'S NEW FACTUAL CHARACTERIZATIONS CANNOT BE CONSIDERED AND DO NOT CURE THE FAC.

**A. New Allegations Raised for the First Time in an Opposition Brief Are Not Properly Before the Court.**

For the first time, Plaintiff's Opposition characterizes the accused videos as containing Plaintiff's "copyrighted material in verbatim from the start to the finish of every detailed story." Opp. at 5. The FAC contains no such allegation. In ruling on a Rule 12(b)(6) motion, the Court's review is generally limited to the four corners of the operative complaint. See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). New factual assertions raised for the first time in an opposition brief are not properly part of the pleadings and cannot cure a deficient complaint. See Broam v. Bogan, 320 F.3d 1023, 1026 (9th Cir. 2003) (noting that new facts raised in an opposition to a Rule 12(b)(6) motion, but absent from the operative complaint, are not properly considered on the motion).

Plaintiff's belated "verbatim" characterization is precisely the kind of new factual material these authorities preclude. If Plaintiff believed the videos contained verbatim reproductions of his text, that allegation was available to him when he drafted the FAC — his second attempt at a complaint in this action. He did not include it. The Court should not consider it now, and it does not change the analysis under Defendants' Motion.

**B. Even If Considered, a Conclusory Label of "Verbatim" Copying Does Not Satisfy Twombly and Iqbal or the Extrinsic Test.**

Even setting aside that the "verbatim" characterization appears nowhere in the FAC, a single conclusory adjective does not transform an insufficient pleading into a plausible one. Plaintiff still does not identify which sentences, passages, or portions of any video correspond to which sentences or passages of his book. A plaintiff cannot satisfy Iqbal and Twombly, or the Ninth Circuit's extrinsic test, by appending the word "verbatim" to an otherwise unsupported allegation of subject-matter overlap. See Iqbal, 556 U.S. at 678 ("threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); Cavalier, 297 F.3d at 822 (claims based on general similarity rather than specific expressive elements fail as a matter of law).

Notably, Defendant YouTube's own Motion to Dismiss — filed the same day, and addressing the very same fifteen videos — observes that several of the videos displayed a caption crediting Drug Lords of Oakland as a source, and that this acknowledgment of authorship "implies that any copying was open and legitimate, perhaps because only uncopyrightable factual information was copied, or perhaps because the copying was done with the author's permission." ECF No. 62 at 7 n.2. Plaintiff's Opposition does not address this observation, made by counsel for a co-defendant reviewing the same record. It further illustrates why the FAC's unadorned, conclusory references to chapter titles and source captions — even paired with the word "verbatim" — do not plausibly allege copying of protected expression as opposed to unprotectable historical facts. 17 U.S.C. § 102(b); Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 347-48 (1991).

**IV. PLAINTIFF CONFLATES THE STANDARD GOVERNING DISCLOSURE OF AN ANONYMOUS DEFENDANT'S IDENTITY WITH THE RULE 12(b)(6) PLAUSIBILITY**

**STANDARD.**

Plaintiff's Opposition repeatedly invokes the Court's February 13, 2026 Order (ECF No. 46) denying Defendants' earlier motion to quash, asserting that the Court has already found that Plaintiff "made a prima facie showing" sufficient to defeat this Motion. Opp. at 1-2. This conflates two distinct legal standards governed by different bodies of law.

The showing required to overcome an anonymous defendant's interest in withholding his identity in response to third-party discovery is governed by Ninth Circuit authority addressing the balance between a litigant's need for discovery and an anonymous party's First Amendment and privacy interests. See In re Anonymous Online Speakers, 661 F.3d 1168, 1173-77 (9th Cir. 2011). That inquiry asks only whether the case may proceed far enough to justify identifying a defendant for service of process — it does not test, and was never intended to test, whether the operative complaint states a legally cognizable claim against that defendant once named.

The standard governing this Motion is entirely different. Rule 12(b)(6) requires the Court to determine whether the FAC's factual allegations, accepted as true, are sufficient to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Nothing in the Court's February 2026 Order addressed — let alone resolved — whether the FAC adequately alleges copying of protected expression, whether it states any claim against Defendant Jasmine Sanchez, or whether it satisfies Rule 8(a). Plaintiff's reliance on that Order to resist the present Motion is misplaced.

## V. THE CLAIMS AGAINST DEFENDANT JASMINE SANCHEZ REMAIN ENTIRELY UNOPPOSED.

Plaintiff's Opposition does not contain a single sentence responding to Defendants' argument that the FAC fails to state any claim against Defendant Jasmine Sanchez. The FAC alleges nothing more than that she was an "operator/account holder" — a nominal designation that, standing alone, establishes neither the volitional conduct required for direct infringement, Perfect 10 v. Giganews, 847 F.3d at 666, nor the knowledge and material contribution required for contributory infringement, Grokster, 545 U.S. at 930, nor the practical ability to supervise and direct financial benefit required for vicarious infringement, Fonovisa, 76 F.3d at 262; VHT, 918 F.3d at 746.

Because Plaintiff has already amended his complaint once without curing this defect, because his Opposition does not identify any additional facts he could plead to cure it, and because no amendment consistent with Plaintiff's existing allegations could plausibly supply the missing allegations of volitional conduct, knowledge, or practical supervisory control, dismissal of all claims against Defendant Jasmine Sanchez with prejudice is appropriate. See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009) (dismissal with prejudice appropriate where amendment would be futile).

## VI. CONCLUSION

For the foregoing reasons, and for the reasons set forth in Defendants' Motion to Dismiss (ECF

No. 61), Defendants Angelo Sanchez and Jasmine Sanchez respectfully request that the Court:

1. Dismiss all claims against Defendant Jasmine Sanchez with prejudice;

2. Dismiss the First Amended Complaint in its entirety for failure to state a claim; or, in the alternative,

3. Grant Plaintiff leave to amend within 21 days; and

4. Grant such further relief as the Court deems just and proper.

Respectfully submitted,

Dated: June 15, 2026

/s/ Angelo Sanchez
Angelo Sanchez
Defendant, Pro Se

/s/ Jasmine Sanchez
Jasmine Sanchez
Defendant, Pro Se

## CERTIFICATE OF SERVICE

I certify that on the date of filing, a true and correct copy of the foregoing Reply was served as follows:

Julian Barnes aka Titus Lee Barnes (pro se plaintiff) — via first-class mail, postage prepaid, to 1700 McHenry Ave. Ste 65B #114, Modesto, CA 95350, and by email to barnestlee@gmail.com.

Benjamin D. Margo and Ada Wang (counsel for YouTube, LLC) — via the Court's CM/ECF system.

Dated: June 15, 2026

/s/ Angelo Sanchez

Angelo Sanchez
Defendant, Pro Se