UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JULIAN JAMES RAY BARNES,<br><br>Plaintiff,<br><br>v.<br><br>JASMINE SANCHEZ, et al.,<br><br>Defendants. | Case No.  25-cv-05901-VKD<br><br>**ORDER RE SANCHEZ DEFENDANTS' AND YOUTUBE'S MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 61, 62 |

Plaintiff Julian James Ray Barnes, who is representing himself, brings this copyright infringement action against defendants Jasmine Sanchez, Angelo Sanchez, and YouTube, LLC. Dkt. No. 52. Mr. Sanchez and Ms. Sanchez (collectively, "Sanchez defendants") move to dismiss the operative complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 61. YouTube, LLC ("YouTube") separately moves to dismiss the operative complaint pursuant to Rule 12(b)(6). Dkt. No. 62. Mr. Barnes opposes both motions.[1] Dkt. No. 68. The Court heard oral argument on the motion on June 30, 2026.[2] Dkt. No. 78.

Upon consideration of the moving and responding papers and the oral arguments presented, the Court grants in part and denies in part the Sanchez defendants' motion to dismiss and grants YouTube's motion to dismiss. As explained below, the Court gives Mr. Barnes limited leave to amend.

---

[1] Mr. Barnes filed a single opposition brief in response to the two motions to dismiss.

[2] All parties have consented to magistrate judge jurisdiction. Dkt. Nos. 9, 24, 66, 67.

## I.    BACKGROUND

On July 15, 2025, Mr. Barnes initiated this action against YouTube and "John Doe d/b/a Evil Streets TV." Dkt. No. 7. Upon Mr. Barnes's request, the Court directed the Clerk of the Court to issue a subpoena to YouTube pursuant to 17 U.S.C. § 512(h)(1), seeking the "[i]dentity of [i]nfringer: John Doe d/b/a Evil Streets TV." *See* Dkt. Nos. 3, 15, 16, 25, 26. On April 4, 2026, Mr. Barnes filed an amended complaint against YouTube and the Sanchez defendants. Dkt. No. 52.

According to the first amended complaint (FAC), Mr. Barnes is the author of a book titled *Drug Lords of Oakland* ("*Drug Lords*"). *Id.* ¶ 40. Mr. Barnes alleges that he owns the copyright for *Drug Lords* and the work has been registered with the U.S. Copyright Office. *Id.* (referring to registration number TX 8-646-340). Mr. Barnes alleges that the Sanchez defendants operate a YouTube channel called Evil Streets TV. *Id.* ¶ 6. According to the FAC, between April 17, 2025 and August 1, 2025, the Sanchez defendants posted fifteen videos to the Evil Streets TV YouTube channel. *Id.* ¶¶ 6-20, 24-38. Each video included a narration of a different chapter of *Drug Lords* and displayed copyrighted photographs from the book. *Id.*

The FAC contains a single claim for copyright infringement against the Sanchez defendants and YouTube. *Id.* ¶¶ 21-40. Mr. Barnes alleges that the Sanchez defendants "directly and contributively" infringed his copyright in *Drug Lords*. *Id.* ¶ 22. Mr. Barnes further alleges that YouTube "directly and contributively infringed upon" his copyright in the work and "shares vicarious liability" because YouTube "profited from ad revenue generated by infringing content." *Id.* ¶ 40. Mr. Barnes contends that YouTube "assume[d] liability" by "actively partnering with a channel engaged in infringing activity rather than simply acting as a passive host." *Id.* Mr. Barnes seeks damages, as well as declaratory and injunctive relief, against all defendants. *Id.* at 14-15.

## II.    LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts

2

alleged to support a cognizable legal theory. *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).  In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant.  *Id.*

A complaint should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 12(b)(6).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555 (citations omitted).  Moreover, the Court is not required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Prager Univ. v. Google LLC*, No. 17-cv-06064-LHK, 2018 WL 1471939, at *3 (N.D. Cal. Mar. 26, 2018) (quoting *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam)).  Nor does the Court accept allegations that contradict documents attached to the complaint or incorporated by reference, *Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1115 (9th Cir. 2014), or that rest on "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

### III.   SANCHEZ DEFENDANTS' MOTION TO DISMISS

Mr. Barnes alleges that the Sanchez defendants "directly and contributively infringed" his copyright in *Drug Lords*.  Dkt. No. 52 ¶ 22.  The Sanchez defendants move to dismiss Mr. Barnes's claims against them on the grounds that the FAC (1) fails to allege copying of protected expression; (2) fails to state any claim against Ms. Sanchez; (3) violates Rule 8; and (4) alleges "only subject overlap regarding Charles Cosby."  Dkt. No. 61.  Mr. Barnes responds that he has sufficiently pled a prima facie case of copyright infringement.  Dkt. No. 68 at 6.  The Court first addresses the Sanchez defendants' Rule 8 argument before turning to their other arguments.

#### A.   Rule 8

The Sanchez defendants argue that the FAC should be dismissed for failure to comply with the general rules for pleading set out in Rule 8 of the Federal Rules of Civil Procedure because the

United States District Court
Northern District of California

3

FAC contains placeholders and "does not identify what was copied." Dkt. No. 61 at 3. In addition, the Sanchez defendants contend that their use of YouTube's counter-notification process reflects a good-faith belief that their conduct was lawful. *Id.*

To satisfy Rule 8(a)(2)'s requirement that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Mr. Barnes must allege the basis of his claims against each defendant. *Villalpando v. Exel Direct Inc.*, Nos. 12-cv-04137 JCS, 13-cv-03091 JCS, 2014 WL 1338297, at *5 (N.D. Cal. Mar. 28, 2014) (citing *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988)). "As a general rule, when a pleading fails to allege what role each Defendant played in the alleged harm, this makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiffs' allegations." *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 964 (N.D. Cal. 2015) (internal quotations and citation omitted). "Accordingly, a complaint which 'lump[s] together . . . multiple defendants in one broad allegation fails to satisfy [the] notice requirement of Rule 8(a)(2).'" *Id.* (quoting *Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996)). "However, this does not mean that a plaintiff's assertion of claims against 'Defendants' will automatically be deficient." *Id.* "Rather, a plaintiff must identify what action each Defendant took that caused Plaintiffs' harm, without resort to generalized allegations against Defendants as a whole." *Id.* (internal quotations and citation omitted). "Put another way, a plaintiff's allegations must provide sufficient notice to all of the Defendants as to the nature of the claims being asserted against them, including what conduct is at issue." *Id.* (internal quotations and citation omitted).

Mr. Barnes's allegations are sufficient to put the Sanchez defendants on notice of his claims against them and the factual bases for those claims. While the FAC contains some "FILL IN" placeholders, it also contains specific allegations regarding Mr. Barnes's claims against the Sanchez defendants. Specifically, the FAC alleges that Mr. Barnes owns a registered copyright for *Drug Lords*, and that the Sanchez defendants, without permission, posted fifteen YouTube videos that included narration of multiple chapters and original photographs from that work. *See* Dkt. No. 52 ¶¶ 6-20, 24-38, 40. The FAC contains specific details about each allegedly infringing video, including the date of publication, duration, and title. *See id.* It also identifies the specific

United States District Court
Northern District of California

chapters of *Drug Lords* that the Sanchez defendants read out loud in the accused videos. *See id.* These allegations are sufficient to put the Sanchez defendants on notice of the nature of the claims against them.

The Sanchez defendants' argument that they had a good-faith belief that their conduct was lawful is not relevant to whether the FAC complies with Rule 8. *See, e.g.*, *Shropshire v. Canning*, 809 F. Supp. 2d 1139, 1147 (N.D. Cal. 2011) (denying motion to dismiss copyright infringement claim where defendant argued that he did not intend to infringe plaintiff's copyright because a defendant's intent "is of no moment to the issue of liability").

Accordingly, the Sanchez defendants' motion to dismiss the FAC for failing to comply with the pleading requirements of Rule 8 is denied.

### B.    Rule 12(b)(6)

The Ninth Circuit "recognize[s] three doctrines of copyright liability: [1] direct copyright infringement, [2] contributory copyright infringement, and [3] vicarious copyright infringement." *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004). The FAC alleges that the Sanchez defendants "directly and contributively infringed upon" Mr. Barnes's copyright. Dkt. No. 52 ¶ 22. The Court construes the FAC as asserting claims of direct infringement and contributory infringement against both of the Sanchez defendants.[3]

The Sanchez defendants argue that the FAC should be dismissed for failure to state any claim against them. Specifically, the Sanchez defendants argue that Mr. Barnes "fails to allege copying of protected expression," fails to state a claim against Ms. Sanchez, and "alleges only subject overlap regarding Charles Cosby." Dkt. No. 61 at 2-3.

### 1.    Direct infringement

To adequately allege a prima facie case of copyright infringement, Mr. Barnes must allege facts that plausibly show: (1) ownership of the copyrighted material, and (2) violation by the accused infringer of at least one exclusive right granted to copyright holders under 17 U.S.C.

---

[3] At the hearing, Mr. Barnes clarified that he intends to assert a direct infringement claim against each of the Sanchez defendants and a contributory infringement claim against Ms. Sanchez only. Dkt. No. 78.

United States District Court
Northern District of California

§ 106. *A&M Recs., Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001), *as amended* (Apr. 3, 2001), *aff'd sub nom. A&M Recs., Inc. v. Napster, Inc.*, 284 F.3d 1091 (9th Cir. 2002), *and aff'd sub nom. A&M Recs., Inc. v. Napster, Inc.*, 284 F.3d 1091 (9th Cir. 2002); *see* 17 U.S.C. § 501(a) (infringement occurs when alleged infringer engages in activity listed in § 106). Among the exclusive rights enjoyed by copyright holders are the rights to reproduce, adapt, distribute, perform, and display the copyrighted work. 17 U.S.C. §§ 106(1)-(5). Direct infringement requires the plaintiff to also plausibly allege causation, or "volitional conduct," by the alleged infringer. *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 731-32 (9th Cir. 2019).

The Court finds that the FAC plausibly alleges direct infringement as to both Mr. Sanchez and Ms. Sanchez. First, Mr. Barnes has alleged ownership of *Drug Lords*, the copyrighted material at issue, for which he holds a registered copyright. *See* Dkt. No. 52 ¶ 40. The Sanchez defendants do not contend that the FAC fails to allege ownership of the copyrighted material.

Second, Mr. Barnes has alleged that the Sanchez defendants "narrated, reproduced[,] and transmitted" portions of *Drug Lords* without authorization. Dkt. No. 52 ¶¶ 6-20, 24-38. Specifically, Mr. Barnes alleges that the Sanchez defendants co-operate and co-own the Evil Streets TV YouTube channel. *Id.* ¶ 6. He further alleges that between April 17, 2025 and August 1, 2025, the Sanchez defendants posted fifteen videos to the Evil Streets TV YouTube channel. *Id.* ¶¶ 6-20, 24-38. Mr. Barnes alleges that in each video, the Sanchez defendants read out loud a different chapter of *Drug Lords* and reproduced and displayed copyrighted photographs from the book, and that each accused video was published and distributed via the Sanchez defendants' YouTube channel. *Id.*

The Sanchez defendants argue that the FAC fails to state a claim for relief because *Drug Lords* contains "[f]acts and historical narratives [that] are not protected."[4] Dkt. No. 61 at 2. In

---

[4] As a specific example, the Sanchez defendants claim that "[t]he FAC alleges only subject overlap regarding Charles Cosby." Dkt. No. 61 at 3. This is not an accurate characterization of the FAC's allegations regarding the Sanchez defendants' use of the chapter on Charles Cosby in *Drug Lords*. *See* Dkt. No. 52 ¶¶ 16, 34 ("During the performance and display of this video Jasmine Sanchez and Angelo Sanchez narrated, reproduced and transmitted chapter eleven 'Brookfield Charles' of Drug Lords of Oakland by Titus Lee Barnes and displayed copyrighted photographs while running b-roll film footage in tandem with the narration of Titus Lee Barnes book content.").

6

United States District Court
Northern District of California

addition, the Sanchez defendants argue that their videos are not "substantial[ly] similar[]" to Mr. Barnes's *Drug Lords* chapters because that book and defendants' videos "are fundamentally different expressive mediums." *Id.* These arguments concern issues that bear on possible defenses to the merits of Mr. Barnes's infringement claim—i.e., whether *Drug Lords* contains original, protectible expression and whether the Sanchez defendants' videos have "substantially similar" content—that are generally not an appropriate basis for dismissal of a complaint at the pleading stage. *See Thumbtack, Inc. v. Liaison, Inc.*, No. 23-cv-02830-WHO, 2024 WL 235172, at *3-4 (N.D. Cal. Jan. 22, 2024) (denying motion to dismiss where defendant argued that the copyrighted material at issue was unprotected content and that the presentation of the parties' content was "substantially dissimilar and defeating protection as a matter of law"); *Pallen Martial Arts LLC v. Shir Martial Arts, LLC*, No. 13-cv-05898-JST, 2014 WL 2191378, at *6 (N.D. Cal. May 23, 2014) (rejecting defendants' arguments regarding eligibility for copyright protection because the inquiry requires "consider[ing] evidence outside the complaint, which this Court may not do on a motion to dismiss"); *Tracy Anderson Mind & Body, LLC v. Roup*, No. 22-cv-4735-RSWL-EX, 2022 WL 17670418, at *3 (C.D. Cal. Dec. 12, 2022) ("[M]otion to dismiss arguments that copyrighted works do not qualify for copyright protection based on a 'detailed factual analysis' of the works are 'inappropriate . . . as the Court must accept all material factual allegations as true.'" (citations omitted)).

In addition, the Sanchez defendants argue that "the FAC fails to state any claim against" Ms. Sanchez. Dkt. No. 61 at 2-3. This is not an accurate characterization of the allegations in the FAC which do not distinguish between Mr. Sanchez and Ms. Sanchez. Mr. Barnes alleges that both "Jasmine Sanchez and Angelo Sanchez narrated, reproduced and transmitted" the identified chapters of *Drug Lords* and displayed copyrighted photographs from the book in videos posted to the Evil Streets TV YouTube channel, which they both operate. *See* Dkt. No. 52 ¶¶ 6-20, 24-38. To the extent the Sanchez defendants contend that these allegations are not correct because Ms. Sanchez was not involved in the allegedly infringing conduct, they again raise issues that bear on the merits of Mr. Barnes's claim but which cannot be resolved at the pleading stage. *See Navarro*, 250 F.3d at 732 ("In deciding [a Rule 12(b)(6)] motion, all material allegations of the complaint

are accepted as true, as well as all reasonable inferences to be drawn from them.").

Accordingly, the Court finds that Mr. Barnes has adequately pled a claim for direct infringement against the Sanchez defendants and denies their motion to dismiss the direct infringement claim on this basis.

### 2. Contributory infringement

To adequately allege a claim for contributory infringement, a plaintiff must first allege "that there has been direct infringement by third parties." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1169 (9th Cir. 2007). "Put differently, a defendant cannot be secondarily liable for their own direct infringement." *Sound & Color, LLC v. Smith*, No. 2:22-cv-01508-AB (ASX), 2023 WL 2821881, at *16 (C.D. Cal. Feb. 28, 2023). Additionally, a plaintiff must allege that a defendant "(1) has knowledge of another's infringement and (2) either (a) materially contributes to or (b) induces that infringement." *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 670 (9th Cir. 2017) (citation omitted).

The FAC alleges that the Sanchez defendants "contributively infringed upon" Mr. Barnes's copyright. Dkt. No. 52 ¶ 22. At the hearing, Mr. Barnes stated that he asserts a contributory infringement claim only against Ms. Sanchez. Dkt. No. 78. However, the FAC does not allege any facts supporting a contributory infringement claim against either Mr. Sanchez or Ms. Sanchez. The allegations of contributory infringement are entirely conclusory. *See* Dkt. No. 52 ¶ 22. As noted above, the FAC alleges that the Sanchez defendants directly infringed Mr. Barnes's copyright in *Drug Lords*, but there are not different or additional allegations that either Mr. Sanchez or Ms. Sanchez had knowledge of another's infringement, materially contributed to another's infringement, or induced another's infringement.

Accordingly, the Court finds that Mr. Barnes fails to plead sufficient facts to support a claim for contributory infringement against the Sanchez defendants.

\*\*\*

In sum, the Court denies the Sanchez defendants' motion to dismiss Mr. Barnes's claim for direct infringement and grants their motion to dismiss his claim for contributory infringement.

### IV.    YOUTUBE'S MOTION TO DISMISS

The Court construes the FAC as asserting direct infringement, contributory infringement, and vicarious infringement claims against YouTube.  *See* Dkt. No. 52 ¶¶ 40, 42.  YouTube moves to dismiss Mr. Barnes's claims against YouTube for failure to state a claim for relief.  Dkt. No. 62.

Mr. Barnes's opposition does not respond to YouTube's arguments that the FAC fails to plausibly allege facts supporting any infringement claim against YouTube.  Rather, Mr. Barnes contends that "YouTube moves to dismiss by claiming statutory immunity under the Digital Millennium Copyright Act ('DMCA'), 17 U.S.C. § 512(c)."  Dkt. No. 68 at 6.  Mr. Barnes argues that because a defense under the DMCA "involves intense questions of fact . . . dismissal at the Rule 12(b)(6) stage is wholly improper."  *Id.* at 8.  Mr. Barnes is mistaken, as YouTube does not assert statutory immunity or otherwise invoke the DMCA in its motion.

Mr. Barnes's opposition also includes several references to his original complaint (Dkt. No. 7) and to facts that are not alleged in the FAC.  *Compare* Dkt. No. 68 *with* Dkt. No. 52.  In deciding whether the FAC states a claim for relief, the Court will not consider allegations from the original complaint that are not pled in the FAC.  *See Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent."); *Barnes v. Campbell Soup Co.*, No. 12-cv-05185 JSW, 2013 WL 5530017, at *2 (N.D. Cal. July 25, 2013) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." (citing *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003)).

#### A.    Direct infringement

As discussed above, a prima facie case of direct copyright infringement requires a plaintiff to plausibly allege (1) ownership of the copyrighted material, and (2) violation by the accused infringer of at least one exclusive right granted to copyright holders under 17 U.S.C. § 106.  *A&M Recs.*, 239 F.3d at 1013.  A plaintiff must also plausibly allege causation, or "volitional conduct."  *VHT*, 918 F.3d at 731-32.  When, as here, the defendant operates an online website, volitional conduct may be established through "evidence showing [the alleged infringer] exercised control

United States District Court
Northern District of California

(other than by general operation of [its website]); selected any material for upload, download, transmission, or storage; or instigated any copying, storage, or distribution" of copyrighted works. *Id.* at 732 (internal quotation omitted). The key concept is that "direct copyright liability for website owners arises when they are *actively involved* in the infringement," and not passive handlers of content supplied by others. *Id.*

YouTube argues that Mr. Barnes has not alleged that YouTube acted with the requisite volitional conduct. Dkt. No. 62 at 3-4. The Court agrees. Conclusory statements that YouTube "controlled" the platform on which the Sanchez defendants "uploaded, transmitted, performed and displayed the infringing material," without more cannot sustain a claim for direct infringement. *See* Dkt. No. 52 ¶ 40. Mr. Barnes fails to allege any facts showing YouTube's control of or active involvement in the alleged infringement on the Evil Streets TV YouTube channel. *See Art Recs. LLC v. Youtube LLC.*, No. 25-cv-05069-NW, 2026 WL 1669167, at *1-2 (N.D. Cal. June 9, 2026) (dismissing direct infringement claim against YouTube where plaintiff "did not allege that YouTube exercised control over the videos beyond merely hosting them; that YouTube selected the infringing material for upload, download, transmission, or storage; or that YouTube instigated any other party to copy, store, or distribute the underlying videos").

The Court grants YouTube's motion to dismiss Mr. Barnes's direct infringement claim against it.

### B. Indirect infringement

A defendant may be held vicariously and contributorily liable for copyright infringement carried out by another. *Luvdarts, LLC v. AT & T Mobility, LLC*, 710 F.3d 1068, 1071 (9th Cir. 2013). But a plaintiff must show "[a]s a threshold matter . . . that there has been direct infringement by third parties." *Amazon.com, Inc.*, 508 F.3d at 1169. As discussed above, Mr. Barnes has adequately alleged that the Sanchez defendants directly infringed his copyright.

#### 1. Contributory infringement

"The provider of a service is contributorily liable for the user's infringement only if it intended that the provided service be used for infringement. The intent required for contributory liability can be shown only if the party induced the infringement or the provided service is tailored

10

to that infringement." *Cox Commc'ns, Inc. v. Sony Music Ent.*, 146 S. Ct. 959, 967 (2026) (citing *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005); *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 440-41 (1984)). "A provider induces infringement if it actively encourages infringement through specific acts." *Id.* (citing *Grokster*, 545 U.S. at 942). "A service is tailored to infringement if it is not capable of substantial or commercially significant noninfringing uses." *Id.* (citing *Grokster*, 545 U.S. at 942) (internal quotations omitted). "[M]ere knowledge that a service will be used to infringe is insufficient to establish the required intent to infringe." *Id.* at 968.

The FAC does not plead any facts supporting a contributory liability theory separate from the direct liability theory. *See* Dkt. No. 52 ¶ 40 (alleging that "YouTube directly and contributively infringed upon the registered copyright of the plaintiff" because "YouTube controlled the ISP on which Evil Streets formerly uploaded, transmitted, performed and displayed the infringing material"). Mr. Barnes does not allege that YouTube intended that its service be used for infringement, that it induced infringement, or that it tailored its service to infringement. In addition, Mr. Barnes does not allege that YouTube has no use beyond its ability to host infringing content, nor could he plausibly make such allegations.

Accordingly, the Court finds that the FAC fails to state a claim for contributory infringement against YouTube. *See Cox Commc'ns*, 146 S. Ct. at 968 (holding that internet provider was not contributorily liable for copyright infringement because "it did not intend for that service to be used to commit copyright infringement," it "did not 'induce' or 'encourage' its subscribers to infringe in any manner," and it "did not tailor its service to make copyright infringement easier").

### 2.    Vicarious infringement

A defendant "is liable for vicarious infringement if it (1) has the right and ability to control . . . users' putatively infringing activity and (2) derives a direct financial benefit from their activity." *MDY Indus., LLC v. Blizzard Ent., Inc.*, 629 F.3d 928, 938 (9th Cir. 2010), *as amended on denial of reh'g* (Feb. 17, 2011), *opinion amended and superseded on denial of reh'g*, No. 09-15932, 2011 WL 538748 (9th Cir. Feb. 17, 2011). Where the defendant is a service provider of a

United States District Court
Northern District of California

11

platform that hosts third-party content, a key component of vicarious liability is evidence that the defendant had the practical and technical ability to identify or screen out infringing material on its platform, but did not do so. *See VHT*, 918 F.3d at 746. A failure to change operations to avoid distribution of infringing content "is not the same as declining to exercise a right and ability" to stop direct infringement by others. *Id.* (citation omitted). To adequately allege a direct financial benefit, a plaintiff must plead facts showing a causal relationship between the specific infringing conduct and a financial benefit to the defendant. *Giganews*, 847 F.3d at 673 (quoting *Ellison*, 357 F.3d at 1079). Where the benefit is not direct and instead "is alleged to come from the use of the defendant's goods or services *generally*, . . . courts have held that plaintiffs must show that individuals sought out the defendant's goods or services specifically because of the availability of infringing material." *Robinson v. Binello*, 771 F. Supp. 3d 1114, 1125 (N.D. Cal. 2025) (citing *Giganews*, 847 F.3d at 673; *Stross v. Meta Platforms, Inc.*, No. 2:21-cv-08023, 2022 WL 1843129, at *3 (C.D. Cal. Apr. 6, 2022); *Ellison*, 357 F.3d at 1078-79).

YouTube argues that the FAC fails to adequately state a claim for vicarious liability because Mr. Barnes's allegations that YouTube has the right and ability to control infringing activity and that YouTube derives a direct financial benefit from the infringing conduct are vague and conclusory. Dkt. No. 62 at 5-8. The Court agrees. First, the FAC alleges that "YouTube controlled the ISP on which Evil Streets formerly uploaded, transmitted, performed and displayed the infringing material," that YouTube "maintain[ed] the 'right and ability to control' [infringing] content through its uploading and monetization algorithms," that YouTube "has the ability to remove content," and that YouTube "exercised control over Jasmine Sanchez and Angelo Sanchez'[s] content." Dkt. No. 52 ¶¶ 40, 42. The FAC pleads no factual support for any of these conclusory allegations.

In his opposition, Mr. Barnes argues that YouTube has the right and ability to control infringing activity because "[u]ploaders must sign a TOS agreement before creating a YouTube channel which constitutes 'Control' . . . ." Dkt. No. 68 at 2. He further contends that YouTube "exercised structural and operational control over the specific infringing activity" because "YouTube mandates that all uploads undergo a mandatory, proactive screening pipeline via its

United States District Court
Northern District of California

Content ID algorithm *before* publication." *Id.* at 8. Mr. Barnes claims that Content ID "is an active administrative gatekeeping system" that YouTube uses to "screen" videos posted on its platform. *Id.* However, the FAC does not contain any allegations regarding YouTube's terms of service or Content ID. *See* Dkt. No. 52. And at least with respect to Content ID, Mr. Barnes conceded at the hearing that he never provided to YouTube a reference file for his copyrighted work that might have allowed YouTube to engage in the "proactive screening" that Mr. Barnes describes in his opposition. Dkt. No. 78.

Second, Mr. Barnes does not plausibly allege that YouTube derived a direct financial benefit from the infringing activity. The FAC alleges that YouTube "enroll[ed] Evil Streets TV in the YouTube Partner Program" and that the "YouTube Partner Program means YouTube takes a percentage of revenue from videos." Dkt. No. 52 ¶ 40. Even if Mr. Barnes accurately characterizes the YouTube Partner Program (which YouTube disputes), there are no allegations that YouTube profited because of the Sanchez defendants' alleged infringement. At most, Mr. Barnes alleges that YouTube generally profits by hosting and allowing people to view third-party content, including the Sanchez defendants' videos, and generally by operating the Partner Program according to its terms. The FAC is devoid of any allegations that any individuals sought out YouTube's services "specifically because of the availability of the infringing material." *Robinson*, 771 F. Supp. 3d at 1125. "[I]t is not enough for [p]laintiff to merely allege that YouTube generally realized profits by hosting and allowing users to view" infringing content. *Art Recs. LLC*, 2026 WL 1669167, at *2 (dismissing vicarious infringement claim against YouTube). Rather, a plaintiff must allege that "customers were drawn to [the defendant's] services because of the infringing . . . material at issue." *Giganews*, 847 F.3d at 674.

Accordingly, the Court finds that the FAC fails to state a claim that YouTube is vicariously liable for copyright infringement by others.

\*\*\*

In sum, the Court grants YouTube's motion to dismiss Mr. Barnes's claims for direct infringement, contributory infringement, and vicarious infringement.

United States District Court
Northern District of California

## V.    LEAVE TO AMEND

Rule 15(a) provides that leave to amend "'should [be] freely give[n] . . . when justice so requires,' because the purpose of the rule is 'to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (citation omitted). "The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court," which may deny leave to amend if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the party seeking amendment has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

With respect to the Sanchez defendants, the Court cannot conclude on the present record that it would be futile to permit Mr. Barnes to attempt to state a contributory infringement claim against Ms. Sanchez. Given the early stage of this case, no party will suffer undue delay or other prejudice if Mr. Barnes is given leave to amend as to this claim.

With respect to YouTube, Mr. Barnes has not identified any amendments that he could make to his claims for direct infringement and contributory infringement that would address the defects the Court describes above, and the Court concludes that it would be futile to permit him leave to amend as to these claims. While the Court doubts whether Mr. Barnes could state a plausible claim for vicarious infringement against YouTube if given leave to amend, the Court cannot conclude on this record that amendment would be futile. Given the early stage of this case, no party will suffer undue delay or other prejudice if Mr. Barnes is given leave to amend as to the vicarious infringement claim only.

Accordingly, the Court grants Mr. Barnes leave to amend only the contributory infringement claim against Ms. Sanchez and the vicarious infringement claim against YouTube.

## VI.    CONCLUSION

For the reasons discussed above, the Court grants the Sanchez defendants' motion to dismiss the contributory infringement claim against the Sanchez defendants, and denies the motion to dismiss the direct infringement claim against the Sanchez defendants. The Court grants YouTube's motion to dismiss all of Mr. Barnes's claims against YouTube.

14

The Court gives Mr. Barnes leave to amend the FAC with respect to his claim for contributory infringement against Ms. Sanchez and his claim for vicarious infringement against YouTube. If Mr. Barnes chooses to file a second amended complaint, that pleading must clearly state which claim or claims (i.e., direct infringement, contributory infringement, vicarious infringement) are asserted against which defendant. Mr. Barnes is reminded that a second amended complaint will supersede the FAC, and so he must include in the second amended complaint any claims he wishes to pursue from the FAC that the Court has *not* dismissed. Mr. Barnes may not add any other claims or defendants in a second amended complaint, unless he first obtains leave of Court. *See* Fed. R. Civ. P. 15(a)(2).

The second amended complaint must be filed no later than **August 3, 2026**.

**IT IS SO ORDERED.**

Dated: July 2, 2026

Virginia K. DeMarchi
United States Magistrate Judge

15